DECISION
DECISION ON INTEREST AND METHOD OF PAYMENT TO BE INCORPORATEDIN PROPOSED JUDGMENT
In its decision of January 13, 1997, in the above-entitled matter, this Court found the fair market value of 100% of the common stock of defendant, Providence Auto Body (PAB), as of February 7, 1989 to be $874,000. and plaintiff, Mr. DiLuglio's (plaintiff), 20% interest to be valued at $174,800. In that decision, this Court did not address the matter of prejudgment interest applicable or the Defendants', PAB and John H. Petrarca (defendants) Motion for Reconsideration of the Court's previous Order directing defendants to pay 100% of the costs of the Special Master. With respect to the above, judgment is herein rendered.
Pursuant to G.L. 1956 § 7-1.1-74, judgments involving a corporate repurchasing of shares "shall include an allowance for interest at such rate as the court may find to be fair and equitable in all the circumstances . . .". "Such statutory language has been construed to vest a broad discretion in the trial court. . . ." In Re Glosser Bros., Inc., 55 A.2d 129, 146 (Pa. Super. 1989) (citing O'Connor Appeal, 452 Pa. at 298, 304 A.2d at 701 (1972)). In determining a fair and equitable rate, an accepted method of computation has been for the court to consider the circumstances "as a loan from the shareholder to the corporation. . . ." Bogosian v. Woloohojian, 882 F. Supp. 258, 265 (D. R.I. 1995). Most importantly, prejudgment interest must "compensate `the plaintiffs for the value of the use of the principal withheld from them."' J. Kirkland Grant, AppraisalRights: Allowance for Prejudgment Interest, 17 B.C. Ind. Com. L. Rev. 1, 18 (1975) (citations omitted).
The decision whether to allow compound interest is also within the discretion of the trial judge. Chokel v. First Nat.Supermarkets, Inc., 660 N.E.2d 644, 652 (Mass. 1996). In equitable proceedings such as the within, our Rhode Island Supreme Court has held that simple interest does not accomplish the desired end of compensating the shareholder for not only what he otherwise would have earned but also the avails of any reinvestment of those earnings. Bogosian, 882 F. Supp. at 265. Accordingly, our Supreme Court has interpreted the term "interest" in section 7-1.1-74(f) "to mean compound interest as is fair and reasonable." Id. This Court has accepted the Special Master's calculation that the company's borrowing rate at the date of valuation was approximately prime plus 1.5% or 12%, and has also considered the testimony of expert Richard Kaplan finding that an interest rate of 9.05% reflects a reasonable rate that a private company like PAB would pay to borrow money for an approximately seven and one-half year obligation not payable until today and including an additional risk factor of 2%, and has also reviewed the copy of the 52 week T-Bill rate tables submitted by the defendants. After considering all the evidence before it, this Court finds that a prejudgment interest rate of 12% compounded yearly is fair and equitable in the circumstances. After considering the testimony of Richard Kaplan that when a corporation obtains financing, if interest is not paid monthly, it is appropriate to compound the interest, this Court further finds that the compounding of prejudgment interest yearly with respect to the parties will fairly and equitably take into account the retention of the accrued interest.
Accordingly, this court finds that the plaintiff is entitled to recover from the defendants the sum of $174,800. with prejudgment of 12% compounded annually interest thereon in cash, money order, or certified check within 30 days of entry of judgment; provided, however, that at the time of payment plaintiff must surrender to defendants any stock certificates in his possession issued by PAB.
With respect to reconsideration of the Court's previous Order directing defendants to pay 100% of the costs of the Special Master, said motion is denied. That Order also requires defendants to pay the reasonable invoices of the Special Master as well as the reasonable invoices of the specialists retained by the Special Master.
With respect to all of the above, Counsel shall submit the appropriate judgment for entry.